1

2

3

4                    **UNITED STATES DISTRICT COURT**

5                          **DISTRICT OF NEVADA**

6

7    S. BURKE SMITH,                    )
                                        )
8                    Plaintiff,         )
                                        )
9         vs.                           )          3:10-cv-00651-RCJ-VPC
                                        )
10   COMMUNITY LENDING, INC. et al.,    )
                                        )
11                   Defendants.        )
     _____   )
12                                      )
     S. BURKE SMITH,                    )
13                                      )
                     Plaintiff,         )
14                                      )          3:10-cv-00653-RCJ-VPC
          vs.                           )
15                                      )          **ORDER**
     COMMUNITY LENDING, INC. et al.,    )
16                                      )
                     Defendants.        )
     _____   )
17

18        These are two standard foreclosure cases involving one property per case (the

19   "Properties").  The Properties appear to be investment properties, not Plaintiff's residence.[1]  The

20   Complaints are MERS-conspiracy type complaints listing eleven causes of action apiece.  The

21   cases are not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appear eligible

22   for transfer.  The cases have been consolidated under the '651 case.  Two motions to dismiss and

23   a motion to remand are pending before the Court as to each case.  For the reasons given herein,

24

25        [1]The HELOC on one of the properties indicates that Plaintiff resided at 1386 Bobby Way,
     Fallon, NV 89406.

1   the Court denies the motion to remand and grants the motions to dismiss.

2   **I.    THE PROPERTIES AND MOTIONS TO DISMISS**

3       **A.    The '651 Case**

4       Plaintiff S. Burke Smith gave promissory notes for $132,000 and $16,500 to lender

5   Community Lending, Inc. ("CLI") secured by deeds of trust against property at 751 N. Taylor

6   St., Fallon, NV 89406 (the "Taylor Property"). (*See* First Deed of Trust ("FDOT") 1, July 21,

7   2005, ECF No. 9-10; Home Equity Line of Credit Deed of Trust ("HELOC") 1, July 21, 2005,

8   ECF No. 9-11).  The trustee was Western Nevada Title Co. ("Western Nevada"). (*See* FDOT 1;

9   HELOC 1).  Plaintiff defaulted on the first note on April 1, 2009. (*See* Notice of Default

10  ("NOD") 1, Aug. 18, 2009, ECF No. 9-14).  MERS assigned the loan to BAC Home Loans

11  Servicing, LP ("BAC") on August 18, 2009. (*See* Assign., Aug. 18, 2009, ECF No. 9-12).  BAC

12  substituted Recontrust Co., N.A. as trustee the same day. (Subst., Aug. 18, 2009, ECF No. 9-13).

13  First American Title filed the NOD the same day as agent for Recontrust. (*See* NOD 2).

14  Recontrust filed a Notice of Sale ("NOS") for June 9, 2010. (NOS 1–2, May 20, 2010, ECF No.

15  9-16).  The case is not eligible for state mediation because Plaintiff waived mediation or made no

16  request. (*See* FMP Certificate, Apr. 14, 2010, ECF No. 9-15).

17      This indicates a statutorily proper foreclosure so long as MERS had the ability to transfer

18  the interest in the loan from CLI to BAC.  The Court has ruled in many other cases that MERS'

19  agency in this regard is not clear without more evidence than simply being identified as a

20  "nominee" and "beneficiary" on a deed of trust. *See, e.g.*, *Weingartner v. Chase Home Fin.,*

21  *LLC*, 702 F. Supp. 2d 1276, 1281 (D. Nev. 2010).  At the hearing, Defendants argued that the

22  following additional language in the FDOT indicates that MERS' agency as "nominee" extended

23  to transfer of the beneficial interest:

24      Borrower understands and agrees that MERS holds only legal title to the interests
        granted by Borrower in this Security Instrument, but, if necessary to comply with law
25      or custom, MERS (as nominee for Lender and Lender's successors and assigns) has

the right: to exercise any and all of those interests, including, but not limited to, the
right to foreclose and sell the Property; and to take any action required of Lender,
including but not limited to, releasing and cancelling this Security Instrument.

(FDOT 3).  In fact, MERS does not hold legal title, despite the language of the FDOT.  The

trustee holds legal title, which is its function.  MERS is also not the beneficiary.  However, this

language clarifies the scope of MERS' agency on behalf of the beneficiary (the lender).  It

indicates that not only the trustee, as is the custom, but also MERS under this deed of trust, may

initiate a foreclosure.  The Court is also convinced that this language is clear enough, in

conjunction with the (improper) identification of MERS as the beneficiary, to indicate that the

parties intended MERS would be able to transfer the beneficial interest in the underlying debt

directly.  Although MERS is not in fact the beneficiary, the attempt to name it as such coupled

with the above-quoted language indicates an intent to give MERS the broadest possible agency

on behalf of the owner of the beneficial interest in the underlying debt.  Such agency would

include the ability to sell the interest in the debt.  The lender or its assigns (the true beneficiary)

would of course have standing to challenge MERS' actions on its behalf—for example, if MERS

absconded with the proceeds of such a sale—but no entity claiming to hold the underlying debt

has made any such challenge here.  Also, it is even more clear that MERS may directly transfer

the interest in the deed of trust itself, and the interest in the note may follow the deed of trust as a

matter of law. *See* Restatement (Third) of Property (Mortgages) § 5.4(b).  The claims for

injunctive and declaratory relief, and for quiet title, therefore fail.

        The unfair debt collection claim fails because creditors are not "debt collectors" under

the relevant statutes. *E.g.*, *MacDermid v. Discover Fin. Servs.*, 488 F.3d 721, 734–35 (6th Cir.

2007).  Foreclosure does not constitute debt collection under the Fair Debt Collection Practices

Act ("FDCPA"). *See Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).  Although

the Ninth Circuit has not ruled on the question, the district courts of this Circuit have held that

the foreclosure of a mortgage in and of itself does not constitute debt collection as contemplated

1    by FDCPA. *See, e.g.*, *Odinma v. Aurora Loan Servs.*, No. C-09-4674-EDL, 2010 WL 2232169,

2    at *11–12 (N.D. Cal. June 3, 2010) (collecting cases).  The deceptive trade practices claim,

3    which is premised on the allegation that the foreclosing entities did not have a "collector's

4    license" fails for the same reason.  The unfair lending practices claim is barred by the statute of

5    limitations because the lawsuit was filed over three years after the loans were made. *See* Nev.

6    Rev. Stat. § 11.190(3)(a).  Also, Plaintiff's arguments that section 598D.110(3), which provides

7    a defense against unpaid obligations, permits a debtor equitably to remain in a property without

8    making payments before the cause is adjudicated is without merit.  That statute provides that the

9    defense comes into existence after judicial determination of the claim.  Under section

10   598D.110(3), a plaintiff who succeeds on a section 598D.100 claim may abate payment *after*

11   adjudication to the extent of the award under section 598D.100, and section 598D.110(3)

12   operates as a defense to a claim of default to the extent of such a judgment.  The bad faith claim

13   fails because Plaintiff does not allege any Defendant induced him to default, but only that one or

14   more Defendants indicated there would not be a foreclosure generally.  Next, no damages claim

15   for wrongful foreclosure lies where there is in fact a default. *See Collins v. Union Fed. Sav. &*

16   *Loan*, 662 P.2d 610, 623 (Nev. 1983).  The fraud claim fails because Plaintiff alleges no false

17   statements material to the terms of the loan.  Plaintiff alleges only the failure to disclose certain

18   facts about the inner workings of the mortgage industry, which are not alleged to have affected

19   the terms of the loan as presented to Plaintiff in the documents he signed.  The fraud in the

20   inducement claim fails for the same reason.  Finally, the unjust enrichment claim fails because

21   there are written contracts governing the relationship between the parties. *Lipshie v. Tracy Inv.*

22   *Co.*, 566 P.2d 819, 824 (Nev. 1977).

23          **B.      The '653 Case**

24          Plaintiff gave a $148,000 promissory note to CLI secured by a deed of trust against

25   property at 578 Discovery Dr., Fallon, NV 89406 (the "Discovery Property"). (*See* Deed of Trust

("DOT") 1, Sept. 14, 2005, ECF No. 8-10).  Western Nevada was the trustee. (DOT 1).  Plaintiff

defaulted as of April 1, 2009. (*See* Second Notice of Default ("SNOD") 1, Apr. 29, 2010, ECF

No. 8-14, at 6).  A First Notice of Default ("FNOD") had been previously filed but was

rescinded. (*See* FNOD, Oct. 5, 2009, ECF No. 8-14, at 2; Rescission, Jan. 8, 2010, ECF No. 8-

14, at 4).  MERS assigned the loan to The Bank of New York Mellon, as trustee for a mortgage-

backed security ("Mellon") on October 5, 2009. (*See* Assign., Oct. 5, 2009, ECF No. 8-12).

Mellon substituted Recontrust as trustee the same day. (*See* Subst., Oct. 5, 2009, ECF No. 8-13).

First American Title filed the SNOD as agent for Recontrust. (SNOD 2).  Recontrust filed a

Notice of Sale ("NOS") for October 15, 2010. (*See* NOS 1–2, Sept. 23, 2010, ECF No. 8-16).

Plaintiff is not eligible for state mediation because he waived mediation or made no request. (*See*

FMP Certificate, Sept. 3, 2010, ECF No. 8-15).  Foreclosure was valid for the same reasons

foreclosure was valid in the '651 case, and the remaining causes of action are unmeritorious for

the same reasons, as well.

## II.    REMAND

Plaintiff has also filed a motion to remand for lack of subject matter jurisdiction.

Plaintiff brings no federal claims, but he brings state claims under section 649.370, which is

premised entirely on violations of standards that give rise to an independent federal claim under

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692k.  There appears to be no

private right of action under NRS section 649.370,[2] so the claim must be construed as a federal

claim directly under FDCPA.  Even assuming a private state cause of action, although most

federal-question cases are based on federal claims, federal-question jurisdiction can be based

purely on a state claim if its resolution necessarily requires the construction of federal law:

_____

[2]Neither "damages," "cause of action," nor "attorney's fees" appear anywhere in Chapter 649.  The Chapter provides only for criminal penalties or administrative fines. *See* Nev. Rev. Stat. §§ 649.435, 649.440.

The rule is well settled that a state claim "arises under" federal law "if the complaint, properly pleaded, presents a substantial dispute over the effect of federal law, and the result turns on the federal question." *Guinasso v. Pacific First Fed. Sav. & Loan Ass'n*, 656 F.2d 1364, 1365–66 (9th Cir. 1981), *cert. denied*, 455 U.S. 1020, 102 S. Ct. 1716, 72 L. Ed. 2d 138 (1982). The "vast majority of cases brought under the general federal-question jurisdiction of the federal courts are those in which federal law creates the cause of action[,]" *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808, 106 S. Ct. 3229, 3232, 92 L. Ed. 2d 650 (1986), but a case may also arise under federal law "'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9, 103 S. Ct. 2841, 2846, 77 L. Ed. 2d 420 (1983)).

*Berg v. Leason*, 32 F.3d 422, 423 (9th Cir. 1994). In cases such as the present one, where the state claim directly incorporates the substance of federal law, *see* Nev. Rev. Stat. § 649.370, and where the state claim raises no federal constitutional issues, federal-question jurisdiction exists only if the federal law that is incorporated into the state claim provides an independent federal claim:

In *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986), the Court considered in detail the principles of removal jurisdiction when applied to a well-pleaded complaint that relies on a state cause of action which incorporates federal law as one of the elements of recovery. The Court held that in such a case, the state claim does not involve a substantial federal question unless the federal law incorporated in the state cause of action provides a federal private right of action for its violation. *Id.* 106 S. Ct. at 3237; *see also Utley v. Varian Assoc., Inc.*, 811 F.2d 1279 (9th Cir.) (applying *Merrell Dow*), *cert. denied*, 484 U.S. 824, 108 S. Ct. 89, 98 L. Ed. 2d 50 (1987).

*Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1394 n.4 (9th Cir. 1988). The FDCPA provides a private right of action. *See* 15 U.S.C. § 1692k. If section 649.370 contained additional substantive bases for liability apart from FDCPA, then such bases of liability could be invoked without creating federal-question jurisdiction. But section 649.370 refers exclusively and coextensively to FDCPA for its substance and provides no basis for liability apart from that provided for in FDCPA, under which a private, federal right of action lies. The Court therefore finds that even if a private cause of action lied under section 649.370, such a claim would support federal-question jurisdiction. *Ethridge*, 861 F.2d at 1394 n.4.

1    Nor is there complete diversity.  Plaintiff is diverse from all parties except Western

2  Nevada and certain individual Defendants.  As discussed in many other cases, no plausible claim

3  lies against such individual Defendants based purely on their shuffling of papers, and they are

4  therefore fraudulently joined.  In this case, Western Title was the original trustee on all deeds of

5  trust.  Western Title is not alleged to have had anything to do with the foreclosures, and none of

6  the other claims against it are plausible.  Its citizenship is therefore discounted, and the motion to

7  remand is denied.

8                                               **CONCLUSION**

9    IT IS HEREBY ORDERED that the Motion to Remand (ECF No. 10) is DENIED.

10    IT IS FURTHER ORDERED that the Motions to Dismiss (ECF Nos. 9, 20) are

11  GRANTED.

12    IT IS SO ORDERED.

13    Dated this 29th day of March, 2011.

14

15                           _____
                                        ROBERT C JONES
16                                   United States District Judge

17

18

19

20

21

22

23

24

25